STATE OF VERMONT

SUPERIOR COURT                                     ENVIRONMENTAL DIVISION
                                                      Docket No. 17-3-15 Vtec
                                                      Docket No. 61-5-15 Vtec

| Lee NOV & Town of New Haven v. Lee |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Notice of Violation (17-3-15 Vtec)

Count 2, Municipal Enforcement (61-5-15 Vtec)

Title:          Motion for Enforcement & Contempt Order (Motion 5)

Filer:          Town of New Haven

Attorney:       Cindy E. Hill

Filed Date:     July 23, 2019

No response filed

**The motion is GRANTED.**

On July 23, 2019, the Town of New Haven ("Town") filed a motion for contempt against Michael Lee regarding zoning violations on his property at 3065 Ethan Allen Highway in New Haven, Vermont. This Court presided over an August 26, 2019 hearing on the Town's motion, where Attorney Cindy E. Hill represented the Town and Mr. Lee spoke on his own behalf. At the hearing, Mr. Lee conceded that he had not brought his property into compliance with this Court's prior orders. The Town's evidence corroborated his admission.

This Court held Mr. Lee in contempt on the record at the conclusion of the hearing. Having reached this conclusion, the Court here sets out specific directives to guide the parties as we move forward with fashioning the proper remedy in these enforcement proceedings.

At the threshold, however, we provide a brief summary of the long history of these coordinated municipal enforcement actions.[1] The Town originally issued Mr. Lee a notice of violation in November 2013. On appeal, this Court rendered a Decision on the Merits and Judgment Order on November 17, 2016, upholding the NOV and granting injunctive relief and monetary fines in response to the Town's zoning enforcement complaint. We determined that Mr. Lee's property did not comply with the Town's zoning regulations and ordered fines and

---

[1] We also note the existence of a related, but separate, enforcement action in the Act 250 context, which the Vermont Natural Resources Board brought against Mr. Lee. See NRB v. Michael Lee, et al, No. 111-10-18 Vtec.

injunctive relief.  The Vermont Supreme Court affirmed this decision with a minor modification in June 2017.  In re Lee, No. 2017-004 (Vt. June 2017) (mem.).

When Mr. Lee did not comply with the deadlines for corrective action or pay any of the fines, the Town filed its first motion for enforcement and contempt in October 2017.  After a hearing, the Court found Mr. Lee in contempt, escalated the fines due, and again prescribed a set of remedial actions to be carried out within 120 days.  In re Lee NOV, Nos. 17-3-15 Vtec, 61-5-15 Vtec, slip op. at 5-6 (Vt. Super. Ct. Envtl. Div. Mar. 16, 2018) (Durkin, J.).

On July 23, 2019, over a year after the 120-day period expired, the Town filed the present motion for contempt and enforcement.  The August 26, 2019 hearing revealed that Mr. Lee has taken some steps to regrade the slopes on his property, to restore the elevated display area to grade, and to remove some of the trailers that sit on his land.  However, by his own admission, Mr. Lee has not paid the Town any of the penalty owed.  Nor has he modified the driveway or submitted any zoning applications to the Town.  He also continues to keep more than nine trailers on his property, all in contravention of this Court's March 16, 2018 Order.[2]

This Court has the power to hold a party in contempt, and to impose appropriate sanctions, "to secure both 'the proper transaction and dispatch of business [and] the respect and obedience due to the court and necessary for the administration of justice."  State v. Allen, 145 Vt. 593, 600 (1985) (quoting In re Cooper, 32 Vt. 253, 258 (1859)); see also 12 V.S.A. § 122 (empowering trial courts to hold parties that violate a court order in contempt).

As indicated, this Court found Mr. Lee in contempt on the record during the hearing on this motion.  We also discussed the actions to be completed as we move forward to the remedial stage of this proceeding.  We memorialize our directives here.

Within **30 days** of this Order, the parties shall each:

1. Recommend a specific date by which Mr. Lee must remove the extra trailers off his property and file the requisite site plan and conditional use applications, or face increased sanctions.  Mr. Lee should revise the estimate of two years he presented at trial and shorten his suggestion to a term of months rather than years.

2. Define the monthly amount that Mr. Lee will pay towards the existing fines established by this Court's prior orders.

3. Supply this Court with a recommendation of additional fines, if any, that the Court should impose based on this second finding of contempt.

Within the same time frame, Mr. Lee alone shall submit evidence that he is working with a bank to obtain a loan to finance his remedial activities and/or fine payments.  This must include a copy of a complete loan application he has submitted to a licensed lending institution.  If he is denied a loan, he shall submit written proof of that fact.

Finally, we note that when noncompliance proceeds so far, the Court may be required to consider imprisonment or to issue an order barring the commercial use of the property until

---

[2] The foregoing is a synopsis included for contextual purposes and is not intended to be a complete, binding description of the facts or the conclusions of the Court.

compliance is achieved.  These extreme remedies become the only recourse when traditional monetary and injunctive relief fails.  Mr. Lee should take the Court's cautionary statements in the August 26, 2019 hearing and this Entry Order as fair warning that the Court may impose these more severe sanctions if the Court is presented with facts sufficient to find him in contempt of this or the prior orders in these dockets, at some future date.

**So Ordered.**

Electronically signed on August 28, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Cindy E. Hill (ERN 5390), Attorney for Interested Person the Town of New Haven

Appellant Michael Lee